

Arthur Z. Schwartz
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

June 20, 2018

By ECF

Hon. Paul A Engelmayer
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    14th Street Coalition, *et al.* v. MTA, *et al.*
                18 Civ. 2925 (PAE)
                Motion to Compel Document Production

Dear Judge Engelmayer:

      I write in the context of the pending Motions to Dismiss. (Plaintiffs' opposition is due June 24, 2018.) You had invited us to involve the Court if there was an issue concerning responses to Plaintiffs' FOIL requests that impacted the litigation. We believe that the issue we raise does have an important impact.

      The Court may recall that after we filed suit, alleging federal claims under the National Environmental Policy Act ("NEPA")[1] and state claims under the State Environmental Quality Review Act ("SEQRA"), related in part to Exhibit D to the First Amended Complaint, Exhibit D was announced in December as the "Mitigation Plan" adopted by the MTA and the NYC Department of Transportation ("DOT"). When we filed suit it was in response to a letter from DOT that the Mitigation Plan was announced only after "full compliance with State and Federal environmental law."

      *After* we filed suit, the Federal Transportation Administration ("FTA") determined that it was withdrawing, in part, its 2015 and 2016 approvals, under the Categorical Exclusion regulations (see 23 CFR Sec. 771.118) applicable to the FTA. The part it was reopening was what it called the "Alternative Service Plan," which is synonymous with the term "Mitigation Plan."

---

[1] We have settled with Americans with Disabilities Act claims.



Hon. Paul A Engelmayer
June 20, 2018
Page 2

      In their Motion to Dismiss, the Defendants all say that, at a minimum, the Plaintiffs' attack on the Mitigation/Alternative Service Plan is premature.  In arguing this, the parties assert that there is no "final plan."  At the same time, they make reference to a "draft Environmental Assessment" of the Alternative Service Plan, which they submitted to the FTA on May 18, 2018.  I wrote to all the Defendants and suggested that if they were submitting an Environmental Assessment to the FTA (see 40 CFR § 1501.4 and 40 CFR § 1508.9), they must be addressing it to a "final plan."  Under environmental law, whether State or Federal, there theoretically is no "final plan" until the environmental process is completed.  But MTA/DOT has submitted something to the FTA and we believe, both under FOIL and as an aide to this litigation, Plaintiffs should be entitled to see it.

      Clearly, what has happened here is that there was a Final Plan.  The MTA and DOT thought that this plan was covered by the FTA's Categorical Exclusion (for NEPA purposes), and that their plan was exempt from SEQRA review under the NY Public Authorities Law (a point they make in their motions to dismiss).  We filed suit and things started to change.  Now the FTA is reopening its NEPA inquiry.  MTA is preparing an Environmental Assessment.  These are all things we sued about.  We are glad that this review is occurring as a result of our litigation.  While we still, in our Opposition Papers, explain why the 2015-2016 Categorical Exclusions were handled improperly, we will also counter DOT's argument that its part of the Final Plan is exempt from SEQRA review under Section 1266(11) of the NY Public Authorities Law.  It could be that our NEPA claim about the Mitigation Plan has been rendered moot, for now, but our SEQRA claim will survive.

      Defendants MTA and DOT go beyond the normal bounds of a 12(b)(4) motion by making reference to all sorts of documents and submissions created post-lawsuit.  They attach none of them.  In order to properly oppose their motion, we request that the Court direct the production of three documents:

    a.  The FTA's communication(s) about their reopening of the NEPA process;

    b.  The draft Environmental Assessment ("EA") filed by the MTA with the FTA; and

    c.  The "Alternative Service Plan" which that EA is addressed to.

      We have met with counsel for Defendants and have not resolved this dispute.  Our opposition is due Monday, June 24.  We request that the Court address this expeditiously.



Hon. Paul A Engelmayer
June 20, 2018
Page 3

We appreciate the Court's consideration.

Respectfully submitted,

/s/

Arthur Z. Schwartz

AZS:dr

cc: Philip E. Karmel, Esq.
Jennifer C. Simon, Assistant U.S. Attorney
Haley Stein, Assistant Corporation Counsel